**The People of the State of Illinois, Plaintiff-Appellant, v. Gerald M. Ferro, Defendant-Appellee.**

**Gen. No. 69–98.**

Fifth District.

March 3, 1970.

Rehearing denied April 6, 1970.

Gerald D. Owens, State's Attorney of Franklin County, of Benton, for appellant.

Medlin, Zimmer and South, of Carbondale, for appellee.

GOLDENHERSH, J.

The People of the State of Illinois appeal from the judgment of the Circuit Court of Franklin County dismissing an indictment and discharging the defendant, Gerald M. Ferro, from custody.

The record shows the Grand Jury returned an indictment charging defendant with the murder of one John L. Myers. Defendant filed a motion stating inter alia:

> "5. That the question of Gerald Ferro's responsibility for his conduct at the time in question cannot be fairly determined at a trial of the cause upon the issue of his guilt or innocence but should be determined at a preliminary hearing upon the issue of responsibility alone."

and concluding as follows:

> "WHEREFORE defendant, by and through his said attorneys moves for a preliminary hearing in accordance with this motion on the question of the criminal responsibility of the defendant as defined in the Illinois Criminal Code of 1961 (Chapter 38, Section 6–2(a), Illinois Revised Statutes 1967)."

The court allowed the motion, conducted a hearing, found that at the time of the occurrence alleged in the indictment defendant "was not criminally responsible for its conduct inasmuch as, at the time of such conduct, as a result of mental defect he lacked substantial capacity to conform his conduct to the requirements of law . . . ." The court ordered the indictment dismissed and the defendant discharged from custody.

■ Section 6–2(a) of the Criminal Code of 1961 (c 38, § 6–2(a), Ill Rev Stats) provides:

> "A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

A defense based upon the foregoing statute is an affirmative defense (c 38, § 6–4, Ill Rev Stats).

In The People v. Ford, 39 Ill2d 318, at page 320, 235 NE2d 576, the Supreme Court said "The defense of insanity at the time of the crime, like any other defense, must be raised at the time of trial and submitted to the jury who are hearing the case, and no special jury is called or pretrial hearing conducted to determine this question. (Brown v. People, 8 Ill2d 540.) The question of defendant's mental condition at the time of the crime is a question of fact to be determined by the trier of fact.

People v. Myers, 35 Ill2d 311; People v. Muniz, 31 Ill2d 130."

■ We interpret the opinion to hold that the affirmative defense defined in section 6–2(a) of the Criminal Code is to be adjudicated in the same manner as are those provided in other sections of the Criminal Code (§§ 4–8, 6–1, 6–3, 7–1 through 7–13, 11–4(b), 11–12(b), and 27–2). The affirmative defense that the accused was not criminally responsible for his conduct at the time of the occurrence is clearly distinguishable from the issue of competency which is to be determined in the manner provided in Article 104 of the Code of Criminal Procedure (c 38, § 104, Ill Rev Stats).

We have considered defendant's argument that under the language of People v. Speck, 41 Ill2d 177, 242 NE2d 208, the trial court has the power to determine the question in the manner in which it did, and absent a clear abuse of discretion its decision should not be disturbed. The procedure suggested in Speck is entirely different (see pages 206–208 of the opinion) from that followed in this case.

■ Under the holding of The People v. Ford the procedure followed was clearly erroneous. The judgment, therefore, is reversed and the cause remanded to the Circuit Court of Franklin County with directions to vacate the order dismissing the indictment and discharging the defendant, reinstate the action, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.